# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DAVID DARRAH,

    Petitioner,

    v.                                    Case No. 26-CV-623-SCD

DENITA BALL,

    Respondent.

## REPORT AND RECOMMENDATION

David Darrah has been in custody at the Milwaukee County Jail since January 6, 2026, awaiting a preliminary hearing. *See* ECF No. 1. Darrah has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he seeks to have the state charges dismissed with prejudice because of the delay in holding his preliminary hearing. *Id.* at 12. Because it plainly appears that Darrah is not entitled to relief in district court, I recommend that his petition be dismissed.

## BACKGROUND

Darrah alleges that he was arrested on January 6, 2026, and charged with possession of cocaine with intent to deliver; possession of fentanyl with intent to deliver, and possession of a controlled substance. *Id.* at 4. On January 12, 2026, Darrah attended a hearing in front of a court commissioner. *Id.* at 3; *State v. Darrah*, Milwaukee Cnty. Cir. Ct. Case No. 2026CF124, https://wcca.wicourts.gov/caseDetail.html?caseNo=2026CF000124&countyN

o=40&index=0&mode=details (last visited 5/5/2026).[1] The docket in Darrah's state case shows that a court commissioner reviewed the criminal complaint, determined that the complaint stated probable cause, ordered cash bail, and scheduled a preliminary hearing. Milwaukee Cnty. Case, 01-12-2026 docket entry. The preliminary hearing was adjourned multiple times because the State Public Defenders office had not appointed an attorney. Milwaukee Cnty. Case, 01-21-2026, 02-17-2026, 03-06-2026 docket entries. Darrah sent letters requesting counsel and filed pro se motions to dismiss. Milwaukee Cnty. Case, 02-02-2026, 02-17-2026, 03-05-2026, 03-24-2026 docket entries. According to the state docket, counsel was appointed on March 30, 2026, and the preliminary hearing was held on May 4, 2026. Milwaukee Cnty. Case, 03-30-2026, 04-07-2026, 05-04-2026 docket entries.

On April 13, 2026, Darrah filed a habeas petition in federal court raising two grounds for relief. *See* ECF No. 1 at 10–11. First, Darrah alleged that he has been "unconstitutionally detained due to the courts['] inability to appoint [him] counsel as guaranteed by the Sixth Amendment." *Id.* at 10. Second, Darrah claimed that he has been "detained without due process and a fundamentally unfair proceeding has resulted." *Id.* Darrah alleged that these delays have prejudiced his ability to preserve evidence and prepare a defense. *Id.* at 14–15. Darrah checked "No" when asked on the form petition if he had presented his claims in all appeals available to him. *Id.* at 5. In the request-for-relief section on the form, Darrah requested that his case be dismissed with prejudice; if counsel were to be appointed in the

---

[1] A court may take judicial notice of public records available on government websites. *See* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *see also Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (collecting cases).

2

future, Darrah would still seek dismissal because the fairness and legality of the proceedings have been compromised by the delay. *See id.* at 12.

The clerk of court randomly assigned the matter to me. Darrah has not paid the $5 filing fee and has moved for an extension of time to pay the fee. Denita Ball, the sheriff of Milwaukee County and the respondent in this action (as the custodian of the Milwaukee County Jail), has not yet appeared.

**DISCUSSION**

Under 28 U.S.C. § 2241, a district court may grant federal habeas relief to a pretrial detainee, like Darrah, if "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." In accordance with Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts, as well as Civil Local Rule 9(a)(2) (E.D. Wis.), the Rules Governing Section 2254 Cases in the United States District Courts also apply to applications for a writ of habeas corpus under § 2241. Rule 4 of those rules requires district courts to promptly examine a habeas petition and, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," the petition must be dismissed.

Applying this standard, I conclude that Darrah's petition must be dismissed. *Younger* abstention generally prevents federal courts from interfering with pending state criminal proceedings. Even in exceptional circumstances, the claim must be exhausted in state court. Lastly, to the extent Darrah seeks to enforce Wisconsin's statute on the timeliness of preliminary hearings, issues of state law are not cognizable on habeas review.

First, *Younger* abstention prevents me from reaching the merits of Darrah's due process and Sixth Amendment claims while his state-court criminal proceedings are ongoing.

3

"Federal courts must abstain from interfering with state court criminal proceedings involving important state interests, as long as the state court provides an opportunity to raise the federal claims and no 'exceptional circumstances' exist." *Olsson v. Curran*, 328 F. App'x 334, 335 (7th Cir. 2009) (citing *Stroman Realty, Inc., v. Martinez*, 505 F.3d 658, 662 (7th Cir. 2007); *Younger v. Harris*, 401 U.S. 37, 43 (1971)). "The only recognized exceptions to this rule are speedy trial claims and double jeopardy claims." *Shaffer v. Sheriff*, No. 1:21-CV-130-HAB-SLC, 2021 WL 1821640, 2021 U.S. Dist. LEXIS 64843, at *2 (N.D. Ind. Apr. 2, 2021) (citing *Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010)). The "Sixth Amendment right to counsel is not one of those exceptional claims which has been recognized as exempt from *Younger* abstention." *Stevenson v. Doe*, Case No. 25-CV-454-JPS, 2025 U.S. Dist. LEXIS 72174, 2025 WL 1124553, at *7 (E.D. Wis. Apr. 16, 2026) (citing *Olsson*, 328 F. App'x at 335–36). Second, even in exceptional circumstances where a pretrial detainee has alleged a double jeopardy or speedy trial violation, federal courts "still require the petitioner to have exhausted his state remedies." *Tyra v. Ball*, No. 24-cv-1104-pp, 2025 LX 112973 (E.D. Wis. Jan. 14, 2025) (citation modified); s*ee Jahnke v. Kenosha Cty. Sheriff's Dep't*, Case No. 20-cv-1693-pp, 2021 WL 2662202, 2021 U.S. Dist. LEXIS 120864, at *5–7 (E.D. Wis. June 29, 2021) (dismissing a § 2241 habeas petition at screening because the petitioner's state proceedings were ongoing and the petitioner had not exhausted state-court remedies on his untimely-preliminary-hearing claim).

Here, Darrah's state criminal proceedings are ongoing, and Darrah did not exhaust all levels of state court review on his claims. Darrah's due process and Sixth Amendment claims have not been recognized as extraordinary circumstances that overcome *Younger* abstention, and a potential speedy trial claim was not exhausted in state court. Therefore, Darrah's § 2241 must be dismissed.

Darrah points to *Betschart v. Oregon*, 103 F.4th 607 (9th Cir. 2024) to argue that this delay "is an extraordinary circumstance that requires federal action." 103 F.4th at 617. In *Betschart*, the Ninth Circuit held that Oregon detainees held without preliminary hearings due to a public defender shortage would "suffer irreparable injury for the duration of their unlawful pretrial detention." *Id.* The Ninth Circuit upheld the district court's preliminary injunction requiring indigent defendants to be appointed counsel or released. *Id.* at 613–14. As Darrah recognizes in his petition, *see* ECF No. 1 at 27, the Seventh Circuit has no analogous precedent. A recent holding from this district concluded that, "[t]he Court is not aware of any Seventh Circuit precedent holding that delays in appointment of state-funded counsel can violate the Sixth Amendment speedy trial right or any other constitutional right. The out-of-circuit case on which Petitioners rely, *Betschart*, 103 F.4th 607, is not binding authority. The Wisconsin cases that Petitioners cite do not apply federal constitutional law[.]" *Flowers v. Wis.*, No. 25-CV-831-JPS, 2025 U.S. Dist. LEXIS 146950, 2025 WL 2171623, at *33–34 (E.D. Wis. July 31, 2025) (rejecting class claims for alleged constitutional violations from delayed preliminary hearings).

Third, to the extent Darrah seeks to enforce Wisconsin's preliminary hearing statute, that is an issue of state law not cognizable on habeas review. "Wisconsin law requires that a preliminary hearing be held within ten days of a defendant's initial appearance if the defendant is in custody on a felony charge and bail is set in excess of $500." *State v. Lee,* 2021 WI App 12, ¶ 1, 396 Wis. 2d 136, 955 N.W.2d 424, 426 (citing Wis. Stat. § 970.03(2) (2017–18)). Relief under § 2241 is available to pretrial detainees only if they are detained in violation of their federal constitutional rights, so an alleged violation of Wis. Stat. § 970.03(2) is not cognizable on habeas review. *See, e.g.*, *Barnes v. Spoden*, No. 08-cv-0083-bbc, 2008 WL

5

4305631, 2008 U.S. Dist. LEXIS 14846, at *2 (W.D. Wis. Feb. 16, 2008) (dismissing a § 2241 habeas petition because "[t]he alleged denial of petitioner's right to a preliminary hearing does not amount to a constitutional violation: Wisconsin's preliminary hearing procedure is a statutory right, not a constitutional one") (citation omitted); *Payne v. Brown*, No. 20-cv-2293, 2020 WL 6153080, 2020 U.S. Dist. LEXIS 194195, at *4–6 (C.D. Ill. Oct. 20, 2020) (dismissing a § 2241 habeas petition at screening in part because the petitioner's claim that he had been denied his right to a preliminary hearing within the time provided under Illinois law was not cognizable on federal review). Accordingly, I recommend that Darrah's petition be dismissed because Darrah is plainly not entitled to relief in district court.

### CONCLUSION

Accordingly, I **RECOMMEND** that Darrah's petition, ECF No. 1, be **DISMISSED**; that Darrah's motion for an extension of time to pay the filing fee be **DENIED as moot**; that this action be **DISMISSED**; and that a certificate of appealability be **DENIED**. *See Coleman v. Labor & Indus. Review Comm'n*, 860 F.3d 461, 475 (7th Cir. 2017) (holding that a magistrate judge cannot "resolve the case finally" "unless all parties to the action have consented to the magistrate judge's authority"). The clerk of court is directed to randomly assign this matter to a district judge for consideration of this recommendation.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 72(b)(2), and E.D. Wis. Gen. L. R. 72(c), whereby written objections to any recommendation herein, or part thereof, may be filed within fourteen days of service of this Recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district judge shall result in a

waiver of your right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated in Milwaukee, Wisconsin, this 18th day of May, 2026.

_____
STEPHEN C. DRIES
United States Magistrate Judge

7