# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

DAVID J DARRAH,
       **Petitioner,**

    **v.**
                       **Case No. 26-cv-623**

DENITA BALL,
       **Respondent.**

---

## DECISION AND ORDER

Magistrate Judge Stephen C. Dries has issued a report and recommendation on the petition for a writ of habeas corpus. He recommends that I deny the petition. The petitioner David Darrah has objected to the recommendation. Therefore, I have reviewed the petition, along with the magistrate judge's recommendation and the petitioner's objection, *de novo*. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(3). I agree with Judge Dries's recommendation that the petition be denied.

## I. BACKGROUND

David Darrah was arrested in Milwaukee County and charged with several drug offenses on January 12, 2026.[1] At his initial appearance, the court found Darrah to be indigent, ordered that he be appointed counsel by the public defender, and imposed cash bond of $7,500. The docket indicates that Darrah has remained in custody since his arrest.

---

[1] I take judicial notice of the state court docket at *State of Wisconsin v. Darrah*, Milwaukee County Case No. 2026CF124, *available at* Wisconsin Consolidated Court Automation Programs ("CCAP"), https://www.wicourts.gov/ (last visited June 1, 2026).

On January 21, 2026, the court held a status hearing on the State Public Defender's ("SPD") efforts to locate counsel for Darrah. On February 18, 2026, the court held a status conference and heard that the SPD was still looking for an attorney. On March 6, 2026, the court held a *State v. Lee* hearing on the SPD's efforts to find counsel for Darrah. 2021 WI App 12, ¶ 59, 955 N.W.2d 424 (the court must conduct a "relatively thorough inquiry" to find good cause for delaying a preliminary hearing where the indigent defendant is detained pre-trial and the SPD has repeatedly failed to locate counsel). The court found good cause and again adjourned the preliminary hearing.

On March 27, 2026, the SPD finally appointed Darrah an attorney. The court held an initial preliminary hearing on April 14, 2026, adjourned it for cause with all parties present, and on May 4, 2026, found probable cause and bound Darrah over for trial. Darrah was then arraigned and pled not guilty.

On April 13, 2026—after he was assigned a public defender but before his preliminary hearing—Darrah filed this action claiming that the state court had violated his Sixth Amendment right to counsel and Fourteenth Amendment right to due process. He claims that his several-month pre-trial detention without an attorney prevented him from preserving evidence and preparing his defense. For relief, Darrah asked that this court order the state court to dismiss his case with prejudice.

Magistrate Judge Dries wrote in his report that the principles of *Younger* abstention apply here and prevent this court from "interfering with state court criminal proceedings" absent "exceptional circumstances." R. & R. at 3 (citing *Olsson v. Curran*, 328 F.App'x 334, 335 (7th Cir. 2009)). He separately notes that, regardless of *Younger*, habeas petitioners must exhaust their state court or administrative remedies before calling on a

2

federal court to intervene. *Id.* at 4. Finally, he notes that to the extent Darrah challenges his criminal case on *state law* speedy trial grounds, *see State v. Lee above*, this court may only review questions of federal law.

## II. DISCUSSION

Darrah objects to Judge Dries's report on two grounds. He argues first that *Younger* abstention is inappropriate in habeas cases. Second, he argues that his exhaustion efforts in state court should be viewed as sufficient given the ongoing harm he faces.

On the first issue, I agree with Darrah that *Younger* abstention is inappropriate in § 2241 habeas cases. Darrah cites to *Green v. Milwaukee County Circuit Court*, 148 F.4th 461 (7th Cir. 2025), where the Seventh Circuit held that "[n]othing in *Younger* suggests that [abstention] should apply to collateral attacks under § 2241 or § 2254."[2] *Id.* at 463. This is consistent with my own understanding of *Younger* abstention doctrine because, as *Green* also notes, habeas has its own separate exhaustion doctrine to keep federal courts from intruding unnecessarily in state criminal proceedings. For this reason, Darrah's objection to the *Younger* portion of Judge Dries's report is sustained.

As for exhaustion, I concur with Judge Dries that Darrah must raise his constitutional arguments in the state trial and appellate courts before a federal court will intervene. Federal judges must use "sound judicial discretion" in deciding whether to require that a petitioner first exhaust his constitutional arguments in another forum. *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992). Federal courts may require pretrial

---

[2] To be sure, the Seventh Circuit has not been entirely consistent on this point. *See, e.g., Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010); *Olsson v. Curran*, 328 Fed.App'x 334, 335 (7th Cir. 2009).

3

detainees "exhaust all avenues of state relief before seeking the writ." *United States v. Castor*, 937 F.2d 293, 297 (7th Cir. 1991). This often means raising the issue "at each and every level in the state court system"—the Milwaukee County Circuit Court, Wisconsin Court of Appeals, and Wisconsin Supreme Court. *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004).

Absent truly exceptional circumstances, "[r]elief for state pretrial detainees through a federal petition for a writ of habeas corpus is generally limited to speedy trial and double jeopardy claims, and only after the petitioner has exhausted state-court remedies." *Olsson v. Curran*, 328 Fed.App'x 334, 335 (7th Cir. 2009). Darrah does not raise a cogent *constitutional* speedy trial argument, and I note that a three-month delay in a felony drug case would not raise a presumption that his Sixth Amendment rights have been violated. *See United States v. White*, 443 F.3d 582, 590–91 (7th Cir. 2006).

As Judge Dries explained, the Seventh Circuit has not adopted the reasoning of *Betschart v. Oregon*. 103 F.4th 607 (9th Cir. 2024). Nor is there any binding authority to suggest that mere delay in finding someone a lawyer violates the Sixth Amendment or *Gideon v. Wainwright*, 372 U.S. 335 (1963), and its progeny. Moreover, the crux of *Betschart* was that it seemed likely, given a public defender staffing crisis in Oregon, that many members of the plaintiff class might go without counsel before and during "critical stages" of their criminal case. *Betschart*, 103 F.4th at 620. Darrah was represented by counsel at every critical moment in his case so far—Attorney Maura Gingerich represented him at intake, and Attorney James Fenton was appointed over a month before the preliminary hearing where he was arraigned. And even if *Betschart* were

4

binding or persuasive, that court granted only an injunction requiring pretrial release while Darrah seeks an injunction dismissing all his criminal charges with prejudice.

Darrah alleges that he was prejudiced by a lack of counsel because he could not preserve evidence or prepare his defense for several months. But the state trial court is far better suited than this court for weighing Darrah's alleged prejudice against the many other factors that must be considered. We live in a world where demand for indigent legal assistance often exceeds the court's resources. And nearly every criminal defendant finds it more difficult to defend themselves while detained pretrial. At some point that prejudice might be great enough to violate the constitution, but state courts at the trial and appellate level are capable of handling constitutional arguments. Darrah, through his counsel, must raise these issues in the state courts before I may intervene.

For this reason, Darrah's objection as to the exhaustion requirement is overruled.

### III. CONCLUSION

Accordingly, **IT IS ORDERED** that Magistrate Judge Dries's recommendation is **ACCEPTED IN PART**, and that the petition for a writ of habeas corpus is **DENIED**. The Clerk of Court shall enter final judgment. Pursuant to Rule 11 of the Rules Governing § 2254 Cases, made applicable to § 2241 petitions by Rule 1(b), I find that the petitioner has not made the showing required by 28 U.S.C. § 2253(c)(2), and therefore I will not issue a certificate of appealability.

Dated at Milwaukee, Wisconsin, this 2nd day of June, 2026.

/s/ Lynn Adelman
LYNN ADELMAN
United States District Judge

5